Marvin, J.
Judgment is affirmed,
McCaslin is the assignee in trust for the benefit of creditors of one P, G. Muller.
A part of the property which came into the hands as such assignee, was a quantity of lumber which McPherson had sold to a firm consisting of said • Muller and one Smith. Subsequent to the sale, Muller had purchased the interest of Smith in the firm, and had assumed the payment of the liabilities. This lumber had not been paid for. McPherson brought suit in replevin to recover this lumber on the ground that the circumstances of the purchase by the firm were such as to constitute a fraud upon him, resulting in making the sale void. The sale was made through a man by the name of Konkle who was not the regular agent of McPherson, but acted for him in this transaction, It is claimed that false and fraudulent representations were made by the firm to Konkle at the lime the sale was made, and also that such firm had made false representations to R. G. *204 Dunn & Co., as to their financial standing, which representations had come to the knowledge of McPherson and were relied upon by him.
White,-Johnson, McOaslin & Cannon, for Plaintiffs in Error.
Smith & Blake, for Defendant in Error,
It is urged that the evidence is not sufficient to justify the verdict which was for the plaintiff below, that he recover the lumber, and damages to the amount of $25.00.
We are not satisfied that the jury made any mistake in coming to the conclusion which it did. The representations made both to Dunn & Co, and to Konkle were such as would, if relied upon, mislead McPherson. But it is skid that the statements made to Konkle were not communicated to McPherson, and McPherson says he relied upon the statements made to Dunn & Co. He had a right to rely upon the statements made to Dunn & Co., and the request made by McOaslin that the court say to the jury If representations were made to Konkle, that the plaintiff could not recover unless Konkle had a right to and did exercise that right to extend said credit to the defendant on behalf of the plaintiff on the faith of the representations then made, and that if he did not extend or give that credit, that the plaintiff can not recover upon the representations made to said Konkle unless these representations were communicated to and relied upon by him in extending credit to the defendant, ” was properly refused. To have used the language requested, would probably not have enlightened the jury upon any proposition. The result was evidently never reduced to writing, and the sentence is involved and does not clearly express any proposition of law which would have aided the jury in coming to a proper determination. The court had charged the jury properly on the questions submitted to them, and to have given the language requested would, as already stated, not have conveyed to them a clear idea of what they were required to do, or of what the law was in reference to the liability on account of the representations made to Konkle.